835 F.2d 873
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joel BEDELL, Plaintiff-Appellant,
v.
KANAWHA COUNTY COMMISSION, Danny Jones, Carol Phelps,
Timothy Clark, Defendants-Appellees.
 No. 87-7123.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 28, 1987.
Decided Nov. 27, 1987.
 
 Joel Bedell, appellant pro se.
 Anita Rose Casey, Meyer, Darragh, Buckler, Bebenek & Eck, Thomas R. Tinder, for appellees.
 Before K.K. HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joel Bedell, a West Virginia inmate, appeals the district court's entry of summary judgment for defendants in his 42 U.S.C. Sec. 1983 action. Bedell initially alleged that employees at the Kanawha County Jail delivered two cards from his insurance company to him a month after they were received at the jail, and that the delay resulted in cancellation of his medical insurance. Bedell later amended his complaint to add the charge that large amounts of mail had been seized by jail authorities during his stay there, and never delivered to him.
 
 
 2
 The defendants moved for summary judgment, submitting affidavits and other evidence to show (1) that the delayed delivery of the insurance cards was inadvertent and that Bedell had since been given several opportunities to reinstate his policy, and (2) that a search warrant had been issued for three pieces of mail--which contained photographs of sexually explicit homosexual activity--in May, 1985, while Bedell was an inmate at the jail. The defendants assert that their seizure of "adult mail" from Bedell was done in accordance with proper laws and procedures.
 
 
 3
 It is not clear from the record, however, that the three pieces of mail described in the search warrant are the mail Bedell refers to in his amended complaint. Whether other mail was withheld from Bedell and, if so, what type of mail it was, remains an unresolved issue of material fact. In these circumstances, summary judgment was inappropriate. Rule 56, Federal Rules of Civil Procedure. Without a further inquiry, the district court could not accurately determine that Bedell's claim was meritless or that the prison authorities' actions were constitutional according to the standards set forth in Procunier v. Martinez, 416 U.S. 396 (1974); Bell v. Wolfish, 441 U.S. 520 (1979); and Turner v. Safley, 55 U.S.L.W. 4719 (U.S. June 1, 1987).
 
 
 4
 Although Bedell filed objections to the magistrate's report he was never given notice as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), that he had a right to file affidavits in response to the motion for summary judgment and that failure to do so might result in the entry of summary judgment against him.
 
 
 5
 Accordingly, the judgment of the district court is vacated and the case is remanded for further proceedings. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 6
 VACATED AND REMANDED.